IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRUCE ANTHONY WASHINGTON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0428-Y |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Bruce Anthony Washington, TDCJ # 1040628, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In September 2000, Washington was charged by indictment in 213th District Court of Tarrant

County, Texas, with sexually assaulting M.S. (Clerk's R. at 3.) On April 6, 2001, a jury found Washington guilty of the offense, and the trial court assessed his punishment at life imprisonment under article 12.42 of the Texas Penal Code. (*Id*. at 137.) On August 15, 2002, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Washington v. Texas*, No. 2-01-191-CR, slip op. (Tex. App.–Fort Worth Aug. 15, 2002) (not designated for publication). Washington did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.) Washington filed one state application for writ of habeas corpus relevant to his 2001 conviction on January 28, 2004, which was denied without written order by the Texas Court of Criminal Appeals on February 2, 2005. *Ex parte Washington*, Application No. 40,260-02, at cover. Washington filed this federal petition for writ of habeas corpus on June 30, 2005.

### D. Issues

Washington raises two grounds for relief, in which he claims he was denied his right to cross-examine the victim M.S., who did not testify at trial, and the trial court erroneously allowed admission of extraneous offense evidence during the guilt/innocence phase of trial. (Petition at 7 & Memorandum in Support 2-12.)

### E. Statute of Limitations

Dretke argues that Washington's petition should be dismissed with prejudice as time-barred. (Resp't Answer at 2-4.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

2

        such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, Washington's conviction became final upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal

---

[1] Washington does not allege that the state imposed an unconstitutional impediment to the filing of his federal petition or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B) and (D) do not apply. He does allege that the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), announced a new rule of "criminal prosecutions" to be applied retroactively to all cases pending on direct review and not yet final on March 5, 2004, the date of the decision. (Pet'r Traverse at 2-4.) Even if the court were to construe this argument as implicating the statutory exception embodied in § 2244(d)(1)(C), the Supreme Court has not held that *Crawford* applies retroactively. A new constitutional rule is not retroactively available to a petitioner on collateral review unless it has been held retroactive by the Supreme Court itself. *See Williams v. Cain*, 229 F.3d 468, 475 (5th Cir. 2000).

Appeals on September 14, 2002.[2]  *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thereafter, the one-year limitations period began to run and closed on September 14, 2003, absent any tolling. Washington's relevant state habeas application filed after expiration of the federal limitations period did not operate to toll the running of the federal period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor do the circumstances of Washington's case warrant equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, Washington's petition is untimely.

## II.  RECOMMENDATION

Washington's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[2] Washington contends he believed his conviction became final for purposes of subsection (A) on October 24, 2004, the date the appellate court issued its mandate. (Pet'r Traverse at 1-3.). This argument fails for two reasons. First, the state court records indicate that the appellate court's mandate issued on October 24, 2002. Second, the issuance of the mandate by the state court of appeals is of no consequence for purposes of calculating the federal limitations period under subsection (A). *See Roberts*, 319 F.3d at 693-95.

4

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 8, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 8, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 17, 2005.

                                           /s/ Charles Bleil
                                       CHARLES BLEIL
                                       UNITED STATES MAGISTRATE JUDGE